IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RONEY NOVAES PEREIRA,

     Petitioner,

v.                                                                No. 1:26-cv-00212-KG-JHR

TODD LYONS, et al.,

     Respondents.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Roney Novaes Pereira's Petition for a Writ of Habeas Corpus, Doc. 1, and the Government's Motion to Dismiss, Doc. 12. For the reasons below, the Court grants the Government's motion and denies the petition.

**I.      Background**

Petitioner, a native and citizen of Brazil, lawfully entered the United States on or about July 20, 2018, as a B2 visa holder. Doc. 12 at 2. He transitioned his status to an F1 student visa in 2019, and that visa expired in December 2024. *Id.* Petitioner failed to depart the United States after the visa expired. *Id.*

Petitioner was arrested by Florida law enforcement for driving with a revoked license on June 4, 2025. Doc. 12 at 2. Immigration and Customs Enforcement ("ICE") took Petitioner into custody on July 23, 2025. *Id.* He is currently detained at the Torrance County Detention Center in New Mexico. Doc. 1 at 1. Petitioner "has been provided three bond reviews since his detention...and remains eligible for further bond review." Doc. 12 at 2. At his most recent review hearing on February 19, 2026, an immigration judge ("IJ") denied bond after determining Petitioner is a flight risk. *See* Doc. 12-4.

1

Petitioner challenges his "unlawful and unconstitutional prolonged immigration detention," and argues that it is "punitive in nature and deliberately unconstitutional."  Doc. 1 at 7.  In its motion to dismiss, the Government concedes that Petitioner is classified under 8 U.S.C. § 1226 but argues that the petition should be dismissed because any appeal of Petitioner's bond hearings should be directed to the Board of Immigration Appeals ("BIA").  *See* Doc. 12 at 3.

## II.      Standard of Review

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement."  *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973).  Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).

The Immigration and Nationality Act ("INA") establishes distinct detention regimes depending on whether a noncitizen is "seeking admission" to the United States.  *See Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018).  Relevant here, § 1226(a) authorizes the arrest and detention, "on a warrant issued by the Attorney General," of noncitizens "pending a decision on whether [they are] to be removed."  8 U.S.C. § 1226.  Noncitizens detained under this second detention regime are "entitled to individualized bond hearings at the outset of detention." *Velasquez Salazar*, 806 F. Supp. 3d 1231, 1239 (D.N.M. 2025).

## III.     Analysis

As an initial matter, § 1226(a) governs Petitioner's detention.  Petitioner has lived in the United States since 2018 and was not arrested at a port of entry or near the border.  Doc. 12 at 2. He therefore was not seeking admission at the time of his arrest.  The Government concedes that § 1226 applies.  *Id.* at 1.

The Court nonetheless declines to grant relief because Petitioner has received three bond hearings under § 1226(a). *See* Doc. 12-4. Most recently, the IJ considered the record and determined that Petitioner is a flight risk, denying him bond. *Id.* That is all § 1226(a) requires. This case is unlike those in which an IJ refuses to hold a bond hearing or declines to reach the merits for lack of jurisdiction. *See, e.g.*, *Pu Sacvin v. De Anda-Ybarra*, 2025 WL 3187432, at *1 (D.N.M.); *Melendez Aldarozo v. Noem*, 2026 WL 735379, at *1 (D.N.M.). Here, IJs have held three hearings for Petitioner, and he "remains eligible for further bond review or appeal before the U.S. Immigration Court." Doc. 12 at 2.

## IV.    *Conclusion*

The Court denies the Petition, Doc. 1. To the extent Petitioner challenges the IJ's discretionary denial of bond, that challenge is properly directed to the administrative process, including review by the BIA.

IT IS SO ORDERED

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.